IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CURTIS J. HARDY                                                              PETITIONER
Reg #01102-043

v.                              Case No. 2:17-cv-00146 BSM-JTK

GENE BEASLEY, *Warden*,
FCC-Forrest City                                                             RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the undersigned United States Magistrate Judge on the petition of federal prisoner Curtis J. Hardy for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry #1) Petitioner's federal sentence derives from a 2003 conviction out of the United States District Court, Southern District of Mississippi (Jackson Division) where a jury found him guilty of two counts: (1) bank robbery and (2) illegal use of a firearm in the commission of a bank robbery. *United States v. Hardy*, Case No. 3:03-cr-00068-HTW-1. He had two prior convictions that qualified him for an enhanced sentence as a career offender under section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.)—a Mississippi state robbery

conviction and a federal armed robbery conviction. Hardy received 300 months on count 1 and eighty four (84) months on Count 2, to be served consecutively. His sentence was affirmed by the Fifth Circuit Court of Appeals on June 22, 2004. *United States v. Hardy*, 101 Fed. Appx. 959 (5th Cir. 2004). The United States Supreme Court denied certiorari on January 10, 2005. *Hardy v. United States*, 543 U.S. 1072 (2005).

On December 27, 2005, Hardy filed a 28 U.S.C. § 2255 motion to vacate his sentence. the Mississippi District Court. The Court denied the motion on February 28, 2007. *United States v. Hardy*, 2007WL 683941 (S.D. Miss. 2007).

In 2009, Cade filed a motion pursuant to § 2255 in the Texas federal sentencing court. *See Cade v. United States*, 2011 WL 6949280 (N.D. Tex. 2011). In the motion, Cade alleged ineffective assistance of counsel on two grounds: (1) counsel's failure to suppress drug evidence found in his home and (2) counsel's failure to object to the application of the career-offender provision of the sentencing guidelines. The sentencing court adopted the findings, conclusions and recommendation of the magistrate judge and determined Cade had not demonstrated that he was entitled to any relief . *Cade v. United States*, 2012 WL 20481 (N.D. Tex. 2012). In 2016, Hardy filed a § 2241 petition, which was treated as a § 2255 motion; the petition was dismissed for lack of jurisdiction. *Hardy v Saad*, 2017 WL 569204 (N.D. W. V. 2017). The Fourth Circuit denied Hardy a certificate of appealability and dismissed the appeal. *Hardy v. Saad*, 699 Fed. Appx. 196 (4th Cir. 2017).

Also in 2016, the Fifth Circuit authorized a successive § 2255 motion. Hardy argued that the Supreme Court's 2015 case of *Johnson v. United States*, 135 S. Ct. 2551 (2015), made retroactive

to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), entitled him to be re-sentenced because his state conviction for robbery did not qualify as a "crime of violence" for career-offender status. Through retained counsel, Hardy filed a Motion to Vacate under § 2255 in the Southern District of Mississippi. *Hardy v. United States*, Case No. 3:16-cv-00460-HTW. The motion was denied in April 2017. Hardy filed a Motion for Reconsideration, and in December 2017, the Court denied the motion. He thereafter filed his Notice of Appeal to the Fifth Circuit. As of August 2, 2017, the appeal remains pending and the docket evidences no further activity.

In his petition before this Court, Hardy alleges that his sentence was unlawfully enhanced because he was considered a career offender. He argues, as he did previously in his successive § 2255 motion, that under *Johnson*, his Mississippi state robbery conviction no longer qualifies as a "crime of violence" for purposes of the sentencing guidelines career offender provisions. For the reasons set forth below, it is recommended that the petition be dismissed for lack of jurisdiction.

## DISCUSSION

The scope of a petition like the instant one is clear—a federal prisoner seeking to collaterally attack his conviction or sentence ordinarily must file a motion to vacate in the trial court under § 2255 and not a habeas petition in the district of incarceration under § 2241. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal courts lack jurisdiction over § 2241 petitions challenging the validity of a federal conviction or sentence unless the prisoner can affirmatively demonstrate that the remedy

provided by §2255 is "inadequate or ineffective" to test the legality of his detention. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). This exception is sometimes called the "savings clause," *see Abdullah*, 392 F.3d 959, because, when it applies, it can save a habeas petition from being dismissed under § 2255(e)'s exclusive remedy rule. Importantly, it is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000).

Petitioner is challenging the career-offender enhancement of his sentence that was imposed by the Mississippi federal court. Such a challenge is appropriate under § 2255, and as previously noted, Petitioner has sought such review in the Mississippi district courts and the Fifth Circuit Court of Appeals. The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *Lurie*, 207 F.3d at 1077 (internal citations omitted); *see also Hill*, 349 F.3d at 1091 (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"). Therefore, the undersigned finds that this Court does not have jurisdiction to consider Petitioner's claim in this § 2241 habeas action.

## CONCLUSION

For the foregoing reasons, the Court concludes that relief via the petition for writ of habeas corpus pursuant to § 2241 is not available to Petitioner. *See Hill*, 349 F.3d at 1091 (determining that a district court lacks jurisdiction to consider an unauthorized Section 2241

petition for writ of habeas corpus). Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus, Docket Entry #1, should be denied and dismissed with prejudice. The undersigned recommends that the dismissal be with prejudice because Hardy's appeal from the denial of this successive § 2255 motion remains pending in the Fifth Circuit Court of Appeals.

SO ORDERED this 20th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE